No. 12,949.

Colorado Tax Commission *v.* Colorado Central
Power Company.
(29 P. [2d] 1030)

Decided February 5, 1934. Rehearing denied March 5, 1934.

Mr. Clarence L. Ireland, Attorney General, Mr. Fred A. Harrison, Deputy, Mr. E. J. Plunkett, Assistant, Mr. Thomas C. Nixon, Mr. John C. Vivian, Mr. C. C. Conant, for plaintiff in error.

Messrs. Lee, Doud, Griffith & Parriott, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

This action was commenced in the district court of Jefferson county by the Colorado Central Power Company

under C. L. '21, §7287. It seeks to set aside the assessment of the company's property theretofore made for the year 1929 by the Colorado Tax Commission.

It was alleged in the complaint that the assessment of the commission was illegal, erroneous and not uniform with the assessment made by the commission upon other like property similarly situated and that the discrepancy as to basis of valuation materially affected the uniformity in taxation required by the Constitution of Colorado; that the company had duly filed with the commission its petition and protest against the assessment; and that the commission had had a hearing on the protest and had affirmed its decision. The company duly appealed from this decision by action in the district court as above stated. The trial resulted in a judgment reducing the commission's assessment of $863,100 to $569,460. This judgment is before us for review.

1. A motion has been filed in this court to dismiss the proceedings in error, the ground stated being that the judgment of the court below is not subject to review by this court. The motion is denied. Unless the legislature should indicate clearly a contrary intention, which in the present instance has not been done, a judgment of the district court even in a purely statutory proceeding will be deemed to fall within the general provision for review by this court, S. L. '11, pp. 9 et seq., c. 6 (Code of Civil Procedure, 1921, pp. 178 et seq., §§420 et seq.).

2. As regards the commission's alleged discrimination against the company, the record fails to sustain the charge. The statement is made in the company's district court complaint that in the case of all other utility corporations of the same class the commission systematically and intentionally arrived at its valuations on their properties through a system of averaging the values of their outstanding capital stocks and bonds, their capitalized incomes, and the assessed valuations of their respective properties over a period of five years,

but that in the assessment of the properties of the defendant in error company the commission employed a different method not uniform with the above described system, and illegally, systematically, and deliberately included averages for a shorter period of time, with the alleged result of an excessive assessment on the company's property, and a consequent lack of uniformity. The evidence taken by the commission is not before us. The evidence introduced in the district court does not justify the defendant in error company's aforesaid statement as to the applying of a uniform assessing method to other corporations than this company, and the making of an arbitrary exception in respect to the latter. On the contrary, the evidence shows such a substantial difference between each two of the many assessed corporations mentioned that exactly similar computations are easily seen to be impracticable and incapable of accomplishing a fair and proportionate assessment. All taxpaying properties of this character must necessarily be considered from many angles. No single method can be applied to all. It is doubtless for these reasons, and because of the inherent difficulty and complexity of the problem, that a specializing body like the commission has been created. The legislature has seen fit to endow the taxing and assessing officers with a large discretion as to method, and with the power of using their best judgment when fixing assessments. In the absence of proof of caprice or dishonesty, and in the case at bar there is no evidence tending to show either, the usual presumptions of regularity on the part of the officers must be indulged. *Colorado Tax Commission v. Midland Terminal Ry. Co.*, 93 Colo. 108, 24 P. (2d) 745, and authorities there cited. Two of the members of the commission were called to the witness stand by the defendant in error company and their frank, full and fair testimony discloses no fundamental error of the commission, but convinces us that the commission made the assessment on the company's property with the utmost good faith

and impartiality. If mistakes were made, they are not such as under the recognized authorities we can correct. The district court erred in substituting its own judgment for that of the commission. The judgment must therefore be reversed with directions to affirm the decision of the commission.

3. The record of the trial in the lower court discloses persistent but unavailing efforts of counsel to have the commission there produce corporate documents falling within the description in C. L. '21, §§7343-7345. These and similar statutory provisions reveal a plain legislative purpose to place an effective screen of secrecy around the information elicited from public utility corporations by the inquisitorial powers of the commission. By supplying this safeguard against the improper use of the corporations' private records, the lawmakers obviously expected to encourage the utmost frankness of disclosure by each corporation with a view to the more enlightened exercise of the commission's duties. With that policy of secrecy, thus regularly established by the lawmaking body of the state, the judicial branch cannot rightfully interfere. Attorneys and laymen alike must respect the spirit and the letter of such enactments.

4. One other point requires mention. The company contends the tax commission arbitrarily refused to receive certain evidence. Before a taxpayer can expect to have such a contention seriously considered he must see that the record not only shows the offer and the refusal of specific evidence, but also the materiality of it. This the company did not do.

Judgment reversed with directions.